# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE HARJU COUNTY COURT IN HARJU, ESTONIA, IN IN THE MATTER OF *VLADIMIR MAKEJEV V. OLGA FINK* | Misc. Action No. 25-MC-8 |

## **THE UNITED STATES' APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

The United States of America, by and through counsel, respectfully petitions the Court for an Order pursuant to 28 U.S.C. § 1782(a), appointing Kevin Love Hubbard, Assistant United States Attorney, at the United States Attorney's Office for the District of Rhode Island, as Commissioner for the purpose of obtaining financial records from Citizens Bank, N.A. ("Citizens"). Certain evidence has been requested by the Harju County Court in Harju, Estonia (the "Estonian Court"), pursuant to a Letter of Request issued by the Estonian Court in connection with a civil judicial proceeding captioned *Vladimir Makejev v. Olga Fink*, Foreign Reference Number 12-2/2458-2 ("*Makejev v. Fink*").

## INTRODUCTION

The request for international judicial assistance comes from the Estonian Court, which issued a Letter of Request seeking assistance to obtain financial records from Citizens for use in *Makejev v. Fink*. *See* Declaration of AUSA Kevin Love Hubbard, Attached hereto as Exhibit A ("Hubbard Decl."), ¶ 2 (Letter of Request received

1

by the United States Attorney's Office for the District of Rhode Island on June 2, 2025).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Estonian Court is adjudicating the division of marital property, where the court is determining the marital property to be divided and taking evidence in that regard. In order to make its determination, the Estonian Court is requesting information regarding bank accounts with Citizens registered to Olga Fink at the time of the divorce.

The Estonian's Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 (the "Hague Evidence Convention"). The request was the forwarded to the United States Attorney's Office for the District of Rhode Island. To execute this request for international judicial assistance, the United States must first obtain authority from this Court. 28 U.S.C. § 1782(a).

## ARGUMENT

### I. The Hague Evidence Convention

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague

Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Estonia. *See* Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/acceptances/?mid=499 (last visited June 3, 2025) (the Hague Evidence Convention entered into force between Estonia and the United States on November 11, 1996).

When executing a Letter of Request, the Hague Evidence Convention requires a Requested Authority to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Whitney v. Robertson*, 124

3

U.S. 190, 194 (1888) ("By the constitution, a treaty is placed on the same footing, and made of like obligation, with an act of legislation."); *see also Reid v. Covert*, 354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also repeatedly taken the position that an Act of Congress, which must comply with the Constitution, is on a full parity with a treaty

## II. Statutory Considerations Weigh in Favor of Granting the United States' Application

Section 1782 authorizes a district court to order a person who "resides or is found" in that district to produce testimonial, documentary, or physical evidence "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute permits a court to direct that the evidence "be produced before a person appointed by the court," who would be empowered to "administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782 order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.* District courts have repeatedly appointed Department of Justice Attorneys to act as § 1782 Commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g.*, *In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241.

This Court is authorized to provide assistance to the Estonian Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a); *see also In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is met. First, Citizens Bank, N.A. "resides or is found in" the District of Rhode Island because the company's subpoena processing center is located in Johnston, Rhode Island.[1] Second, the Letter of Request explains that requested evidence "for use in a proceeding before a foreign tribunal" as these financial records are needed to identify the composition of the marital property at issue in the underlying case and divide the parties' martial property. *See* Hubbard Decl. ¶ 2 & Ex. A. Third, the Letter of Request is made by the Estonian Court, *id.*, which is a "foreign or international tribunal," 28 U.S.C. § 1782(a).

### III. Discretionary Considerations Weigh in Favor of Granting the United States' Application

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876. The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance;

---

[1] When executing requests for financial records, the policies and procedures of the U.S. Department of Justice, Office of International Judicial Assistance's policies and procedures require that the request be executed in the district where the subpoena processing center is located for the particular financial institution.

(3) whether the request conceals an attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Estonian Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) ("*Svitavy*"); *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of

granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). Citizens Bank is not a party to the underlying proceedings and the evidence held by Citizens appears to be outside the jurisdictional reach of the Estonian Court because Citizens is physically located in Johnston, Rhode Island. The Estonian Court has therefore formally requested the assistance of the United States pursuant to the Hague Evidence Convention.

With respect to the second factor, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Estonian Court or the character of the proceedings. Additionally, this request was initiated by the Estonian Court itself and not by an independent party; therefore, the Estonian Court is clearly receptive to the assistance of this Court. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden,* 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015) (holding that because the Swedish court sought judicial assistance from the United States, the second *Intel* factor weighed in favor of disclosure.).

With respect to the third factor, because the requester is the Estonian Court itself, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Estonian discovery rules or to thwart the policies of Estonia. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides

sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). There is also nothing to support a conclusion that the request would thwart the policies of the United States. While the records and information sought by the Estonian Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-23, does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to Department of Justice attorney who was acting in capacity as a Commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782).

And with respect to the fourth factor, the request seeks specific information regarding bank accounts of a party to the underlying lawsuit where the joint ownership of the property is disputed, and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Application of Mesa Power Grp., LLC,* 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) (holding that "no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored."). *See also Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is intrusive or burdensome should not be assessed based on the 'discovery scope' available in a foreign proceeding. Few if any foreign jurisdictions permit the scope of discovery available in our courts.").

Accordingly, each of the four discretionary factors set forth in *Intel* favors authorizing judicial assistance to the Estonian Court.

## CONCLUSION

Attached to the accompanying Hubbard Declaration is a proposed subpoena that this Office intends to serve on Citizens Bank should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). *See* Hubbard Decl. ¶ 3 & Ex. B. The United States respectfully requests that the Court order Citizens Bank to produce the requested evidence directly to the United States Attorney's Office for the District of Rhode Island. Upon receipt, the evidence will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Estonian Court. 28 U.S.C. § 1782(a) ("The order may prescribe the practice and procedure . . . for . . . producing the document . . . .").

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Kevin Love Hubbard as Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated: June 6, 2025         Respectfully submitted,

                            THE UNITED STATES OF AMERICA,
                            By its Attorneys,

                            SARA MIRON BLOOM
                            Acting United States Attorney

                            */s/ Kevin Love Hubbard*

_____
KEVIN LOVE HUBBARD
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
Kevin.Hubbard@usdoj.gov

## CERTIFICATION OF SERVICE

I hereby certify that, on June 6, 2025, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rules Gen 304.

*/s/ Kevin Love Hubbard*

KEVIN LOVE HUBBARD
Assistant United States Attorney